IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHEL MARTINEZ-HURTADO,

   Petitioner,

   v.                                                                  No. 2:26-cv-00297-SMD-JHR

KRISTI NOEM, *et. al.*,

   Respondents.

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus. Doc. 1 ("Petition"). The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

### BACKGROUND

Petitioner entered the United States in November 2023 and has resided here since. Doc. 1 ¶ 52. Petitioner asserts that she has no criminal history. On December 4, 2025, Petitioner was arrested during a routine check-in with immigration authorities. *Id*. Petitioner is charged with, inter alia, inadmissibility under 8 U.S.C. § 212(a)(6)(A)(i). *Id*. ¶ 54.

Petitioner challenges her ongoing detention on the basis that she has been denied the opportunity for release on bond in violation of 8 U.S.C. § 1226. *Id*. ¶ 31. Petitioner further alleges that she is part of the nationwide class certified in *Bautista v. Santacruz*, *id*. ¶¶ 58–61, which held that all noncitizens who "(1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination" are entitled to a bond hearing and cannot be

subjected to mandatory detention. *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025), reconsideration granted in part, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025).

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I. <u>Statutory Framework: 8 U.S.C §§ 1225 and 1226</u>

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *See id.* at 306.

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention. *E.g.*, *Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D.

Mass. 2025); *see also, Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025).

Petitioner challenges her detention under § 1225(b)(2)(A) as inconsistent with the plain language of the Immigration and Nationality Act ("INA"). Doc. 1 ¶ 62–64. Instead, Petitioner asserts her right to a bond hearing under § 1226(a), noting her membership in the bond-eligible class established in *Maldonado Bautista v. Santacruz*. *Id*. ¶ 58–61.

Section 1226(a), rather than § 1225(b)(2), governs Petitioner's detention because she was "already present in the United States" at the time of her arrest. *Jennings*, 583 U.S. at 303. Petitioner has resided in the United States since November 2023, during which she was employed and paid taxes. Doc. 1 ¶ 19. She is therefore not subject to the mandatory detention provisions of § 1225, which apply to those seeking admission, specifically noncitizens who present at a port of entry or are apprehended immediately after entering. Petitioner is instead entitled to a bond hearing under § 1226(a). *See Aragon v. Noem*, No. 2:26-CV-00065, 2026 WL 458449, at *2 (D.N.M. Feb. 18, 2026); *Cortez-Gonzalez v. Noem*, ___ F. Supp. 3d ___, 2025 WL 3485771, at *3 (D.N.M. Dec. 4, 2025); *Velasquez Salazar v. Dedos*, No. 1:25-cv-00835-DHU-JMR, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025); *see also Figuera v. Ripa*, No. 26-CV-20307-JB, 2026 WL 467569, at *5 (S.D. Fla. Feb. 19, 2026); *Wuilmer v. Noem*, No. 25-CV-3236 (NEB/JFD), 2026 WL 458457, at *3 (D. Minn. Feb. 18, 2026); *Villatoro v. Ripa*, No. 2:26-CV-00213-SPC-DNF, 2026 WL 452432, at *1 (M.D. Fla. Feb. 18, 2026).

II.   The Government's Detention of Petitioner Violates Her Fifth Amendment Rights

The Court finds that Petitioner's continued detention violates her Fifth Amendment rights. Courts analyze due process claims in two steps: the first asks whether there exists a protected

3

liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. Oct. 15, 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government, "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore v. Kim*, 538 U.S. 510, 527 (2003). As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id.* at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

The Government has offered neither a justification nor a formal process for the deprivation of Petitioner's protected liberty interest. Two years after her initial entry, Petitioner was apprehended during a routine check-in appointment with immigration authorities, which she had attended as required. Doc. 1 ¶¶ 19, 52. The timing and location of this detention are notable because Petitioner's attendance at prior check-in appointments established a pattern of compliance. This history created a reasonable expectation of continued liberty and functioned as a de facto authorization to remain, upon which Petitioner has relied.

Petitioner plausibly alleges that she does not pose a flight risk nor a danger to the community. *See Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006). Petitioner remained employed at a Dunkin location in South Elgin, Illinois until her detention. *See* Doc. 1-3 at 24. Her district

manager verified this employment, characterizing her as a reliable and exemplary employee. *See id*. Additionally, Ana Santiago, a United States citizen, has submitted a letter of sponsorship confirming her commitment to Petitioner's financial support. *See id*. at 26. Petitioner's attendance at scheduled check-in appointments prior to her arrest further indicates that she does not pose a flight risk. Doc. 1 ¶ 52. Finally, Petitioner is the mother and primary caregiver of a 19-month-old daughter. *See id*. ¶ 18. Her continued detention has caused significant emotional and economic distress to her child. *Id*. ¶ 21.

The Government has failed to rebut these facts or provide further justification for Petitioner's detention.[1] Because Respondents have not provided a legal basis for continued custody, Petitioner is entitled to relief pursuant to § 2241. *See Martin Ramirez v. Noem*, No. 2:26-CV-00063-SMD-GJF, 2026 WL 381869, at *7 (D.N.M. Feb. 11, 2026); *Cortez-Gonzalez*, 2025 WL 3485771, at *3.

The United State's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly.").

As early as 1886, the Supreme Court held:

> The fourteenth amendment to the constitution is not confined to the protection of citizens. It says: "Nor shall any state deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." These provisions are universal in their application, to all persons within the territorial jurisdiction, without regard to any differences of race, of color, or of nationality; and the equal protection of the laws is a pledge of the protection of equal laws.

*Yick Wo v. Hopkins*, 118 U.S. 356, 369 (1886).

---

[1] Respondents missed the February 23, 2026 deadline as required by the Order to Answer. The response was filed on March 4, 2026. *See* Docs 5 & 12.

The promise remains true today.  Petitioner possesses a protected liberty interest in remaining free from detention and was deprived of that interest without constitutionally adequate process.

## CONCLUSION

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;

2) Respondents shall release Petitioner within 24 hours of this Order being entered;

3) Respondents shall facilitate Petitioner's transportation from the detention facility by notifying Petitioner's counsel when and where she can be collected, and by providing all necessary identity and travel documents to board a domestic flight to return to Illinois;[2]

4) Respondents **SHALL** file a notice of compliance within 48 hours of Petitioner's release and notify the Court of the date, time, and manner of Petitioner's release;

5) Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

6) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

---

[2] Although the Petition does not expressly state Petitioner's primary residence, it is inferred that she resides in Illinois based on her employment at a Dunkin location in South Elgin, Illinois.  *See* Doc. 1-3 at 24.  Regardless, Respondents are expected to coordinate as required.

**IT IS SO ORDERED**.

_____
**SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE**